Levi E. Judkins *vs.* Samuel Woodman.

Somerset. Opinion February 26, 1889.

*Mortgage. Fuel. Right to remove. Evidence.*

If the mortgagor of a farm, while remaining in possession, cuts no more than a reasonable quantity of wood for his own use as fuel, he may on leaving the farm remove the wood for use elsewhere.

A schedule of articles claimed by a mortgagee, and prepared by him, on which the wood does not appear, may be used by the mortgagor as evidence in a suit between him and the mortgagee, touching the title of the wood.

On exceptions. Trover to recover for eighteen cords of wood cut by plaintiff under the following circumstances : The plaintiff mortgaged the farm on which the wood was cut, March 10, 1886. There was no stipulation in the mortgage that the mortgagor might remain in possession, until condition broken. The wood was cut in the winter of 1886–7. Part of the wood was left in the woods, when defendant took possession of the farm, in the spring of 1887, and was in the form of cord wood.

The plaintiff claimed the wood was cut by him in the course of good husbandry, and for his use the coming year, and that it

belonged to him; and that he had a right to remove it from the farm after the defendant had taken possession.

The defendant claimed, that he had a right to take it, because it belonged to him under the mortgage.

In August 1887, the plaintiff demanded the wood of the defendant, always claiming to have owned it.

The presiding justice, among other things, instructed the jury as follows,—to which defendant excepted:

"The mortgagor was permitted to remain there and carry on that farm, and in permitting him to remain there and carry on the farm, he would have the right to carry it on prudently and properly; and whatever he did there, that is, whatever increase he got from the land, as soon as it was severed became a chattel and belonged to him and he had a right to it. But along, another winter, he having remained there during that summer, during the year before not having had any notice to quit so far as the case shows, not being notified by the mortgagee that he should enter and take possession of the premises, he conceived it proper that he should cut up his wood for the next year, presuming to remain there, I suppose. Some of it he carried to the house, and some of it remained in the woods cut. Now if he lawfully severed that wood from the freehold it became his property, and he would have a right to it and a right to remove it. If on the other hand he unlawfully severed it, he would have no right to it. If before he had cut the wood the mortgagee had entered and forbid his cutting it, and had remained in possession, and he had then cut it, he would then have been a trespasser; he would have had no right to cut it. If, on the other hand, the mortgagee allowed him to remain there; if you find that the mortgagee consented to his cutting it, then it would be his property.

Now as to the consenting to the cutting. That may be either express or implied. That is,—a license. Did the defendant give the plaintiff a license to cut that wood? That license may be either express or implied. It would be express where he told him that he might go and do it. It might be implied where the relations of the parties, under all the circumstances of the case, would warrant him in doing it in honesty and in good faith.

Now he had been a tenant without objection during the season previous, and had carried on the farm for aught that appears here in a prudent and husbandlike way, committing no waste or strip nor doing anything wrong. It came winter time, and the plaintiff says, anticipating the next season, and desiring to get out his wood for the next season's use, expecting to remain on the farm and not wishing to burn green wood, was justified in going into the woods and cutting the wood to supply his fires for the year, and that as the defendant did not object, the jury have a right to imply a license to do so from the relations of the parties. On the other hand, the defendant says, that he had no legal right to do it in any event; that he had no right to strike an ax into a tree. Upon this I instruct you, that he did have a right to cut that wood, provided under all the circumstances of the case, between these two parties and the relations which they bore to each other, and the conduct which the defendant had suffered the plaintiff to perform, you find he was acting prudently, reasonably and properly in providing his next year's store of wood, and so going and cutting it. If you find that as a good husbandman, properly managing the farm under all the circumstances of the case, he cut this wood without objection on the part of the mortgagee, then you are authorized to imply a license for the plaintiff to so cut, and if he had once cut, under an implied license from the defendant then his cutting would not be unlawful, and if it was not unlawful, when it was done, the wood belonged to him and he had a right to it, and if the defendant ever afterwards took it and refused to deliver it to the plaintiff on demand, then the plaintiff may sue and recover the value of it."

For the purpose of showing, at the time defendant took possession of the farm, that he did not claim the wood, the plaintiff offered in evidence, a copy of a bill of sale of personal property from plaintiff to defendant, but in which the wood in question did not appear. In regard to the bill of sale, the plaintiff, subject to defendant's objections, testified that he had a conversation with the defendant in regard to the property he had on the premises;— that in response to a request for a copy of what he had a claim

on—the bill of sale—he furnished the plaintiff with said copy, offered in evidence.

The presiding justice, upon this branch of the case, instructed the jury as follows,—to which defendant excepted:

"When the plaintiff was about to move away, the defendant came to him and gave him this paper, which he says was a schedule of what he claimed was there that belonged to him, the defendant.

The plaintiff says that indicates that defendant did not claim this wood, because the wood is not mentioned in it; but the defendant says that it has nothing to do with the case; that it is only a bill of sale, and does not apply to this mortgage at all.

If you should find that the parties understood, at the time it was delivered, that this constituted all the property the defendant claimed there, of every description, it is evidence bearing upon the license of the defendant to the plaintiff to cut the wood.

If, on the other hand, you find the parties understood it to refer to nothing but the property, included in the bill of sale, then it would have nothing to do with the case, and you must disregard it."

The verdict was for plaintiff, and defendant excepted.

*Merrill and Coffin*, for defendant.

Effect of the mortgage upon the title to the wood. Fee of realty, in mortgagee, and possession by mortgagor not adverse. *Stowell* v. *Pike*, 2 Maine, 389; *Blaney* v. *Bearce*, Id. 132; *Smith* v. *Goodwin*, Id. 175; *Noyes* v. *Sturdivant*, 18 Id. 104; *Allen* v. *Bicknell*, 36 Id. 436; *Wilson* v. *R. R.*, 67 Id. 361. Wood part of realty. Cannot diminish security. *Union Bank* v. *Emerson*, 15 Mass. 159; *Page* v. *Robinson*, 10 Cush. 99; *Woodruff* v. *Halsey*, 8 Pick. 333; *Gooding* v. *Shea*, 103 Mass. 360; *Byrom* v. *Chapin*, 113 Id. 311. Until debt is paid, no title vests in mortgagor. *Butler* v. *Page*, 7 Met. 42. He is but a tenant at sufferance; no license inferred; wood not an annual crop, and not an estover for removal or sale. *Keech* v. *Hall*, 1 Smith's L. C. 888, note 5; Taylor's L. & T. § 351, 352; *Smith* v. *Jewett*, 40 N. H. 532; *Gardiner* v. *Derring*, 1 Paige, 573; *Sarles* v. *Sarles*, 3 Sandf. Ch. 601; Wash. Real Prop. 116; *Cook* v. *Cook*, 11 Gray, 123; *Phillips* v. *Allen*, 7 Allen, 117; *Elliot* v. *Smith*, 2 N. H. 430; *Fuller* v.

*Wason,* 7 Id. 341; *Miles* v. *Miles,* 32 Id. 164; *Johnson* v. *Johnson,* 18 N. H. 594; *Bussey* v. *Page,* 14 Maine, 216; *Livingston* v. *Reynolds,* 2 Hill, 157; *White* v. *Cutler,* 17 Pick. 252; *Padelford* v. *Padelford,* 7 Pick. 152.

Bill of sale admitted in evidence, was irrelevant.

*Walton and Walton,* for plaintiff.

No question as to amount or value of wood can arise, there being no motion for new trial.

Mortgagor, in possession, not liable to account for rents and profits. *Long* v. *Wade,* 70 Maine, 358. Has same rights as if he had not mortgaged, except cannot impair estate or security. *Fernald* v. *Linscott,* 6 Maine, 234, 238; *Wilder* v. *Houghton,* 1 Pick. 87, 89; *Hewes* v. *Bickford,* 49 Maine, 71. Assent of mortgagee presumed. *Smith* v. *Moore,* 11 N. H. 55; *Page* v. *Robinson,* 10 Cush. 103. Well-known usages, not to be overlooked. *Hapgood* v. *Blood,* 11 Gray, 403, cited with approval in *Vehue* v. *Mosher,* 76 Maine, 470.

Jury question. *Searle* v. *Sawyer,* 127 Mass. 491. Wood when severed, became mortgagor's, same as the hay in *Hewes* v. *Bickford, supra,* no real injury being done the premises.

No distinction, which requires the wood to be consumed on premises, when hay and crops can be removed. Right to cut and remove to market, sustained in *Searle* v. *Sawyer, supra.*

Plaintiff's rights not affected by his giving up possession. *Wright* v. *Lake,* 30 Vt. 206; Jones Mort., vol. 1, § 694.

WALTON, J. The question is whether, if the mortgagor of a farm, while remaining in possession, cuts a reasonable quantity of wood for his own use as fuel, he can, on leaving the farm, remove the wood for use elsewhere. His right to cut the wood is not denied. His right to remove it for use elsewhere is denied. Assuming that the wood was lawfully cut, being reasonable in amount, and in cutting it that no rule of good husbandry was violated, we think that upon leaving the farm the mortgagor would have a right to take the wood with him. When severed from the soil, if rightfully and lawfully severed, the wood would become a mere chattel, and would no more belong to the mortgagee than

hay or grain or fruit harvested from the farm. This rule does not apply to wood or timber unlawfully cut; it applies only to wood lawfully cut for fuel for family use. Such in effect was the ruling of the judge who tried the case, and we think the ruling was correct.

Objection was made to the admission in evidence of a paper said to be a schedule of articles claimed by the mortgagees, and on which the wood in question does not appear. It was objected to on the ground of irrelevancy. We think it was admissible. It was prepared by the defendant, and was admissible upon the same ground that any declaration of a party, written or oral, is admissible. Its probative force, if any, was for the jury.

*Exceptions overruled.*

PETERS, C. J., DANFORTH, VIRGIN, LIBBEY and FOSTER, JJ., concurred.